### In re WELCH.

(District Court, S. D. Ohio, W. D. September 19, 1899.)

BANKRUPTCY—OPPOSITION TO DISCHARGE—CONCEALMENT OF ASSETS.

Where a bankrupt was in the control and management of a retail business, which he alleged was the property of his wife, but it appeared that he had transferred the building and stock in trade to his wife at a time when he was threatened with the enforcement of a large judgment against him, that the wife had no money at the time, and that the business was the only source of support of the bankrupt and his family, held, that the transfer to the wife was colorable only, and fraudulent as to creditors, and left the bankrupt the real owner, and that his failure to list the property in his schedule of assets was ground for refusing his application for discharge.

In Bankruptcy. On bankrupt's application for discharge and opposition thereto by creditors.

Nelson W. Evans and Duncan Livingston, for petitioner.
Oscar W. Newman, for opposing creditors.

THOMPSON, District Judge. This matter is submitted to the court upon the petition of the bankrupt for a discharge, specifications in opposition thereto by Bernard Augustin, a creditor, who has proved his claim against the bankrupt, the evidence taken by the referee by the direction of the court, his report thereon, and the arguments of counsel. The petition for a discharge alleges that the bankrupt "has duly surrendered all his property and rights of property, and has fully complied with all the requirements of said act, and the orders of the court touching his bankruptcy." The specifications in opposition to this petition are three in number, which are, in substance, as follows: (1 and 3) That at the time of filing his petition to be adjudicated a bankrupt, and at the time of filing his petition for discharge, he was, in fact, the owner or had an interest in real estate which he conveyed to or purchased in the name of his wife, in fraud of his creditors, which he failed to set forth in Schedule B attached to his petition to be adjudicated a bankrupt. (2) That at the time he filed his petition to be adjudicated a bankrupt, and at the time he filed the petition for discharge, he was, in fact, the owner of a stock of groceries used in carrying on a retail grocery business, in the city of Portsmouth, Ohio, which he had colorably transferred to his wife, in fraud of his creditors, and which was not, but should have been, set forth in said Schedule B attached to his petition to be adjudicated a bankrupt. The statement in said Schedule B, relating to real estate, is as follows: "The petitioner is not the owner of any real estate whatever, or any interest therein." And in relation to personal property the statement is: "(c) Stock in trade. None."

I will not discuss the evidence in detail. It is enough to say that it convinces me that the conveyances by the bankrupt to his wife of the stock of groceries, and of the building in which the business was carried on, and the purchase of the property in Kentucky in his wife's name, were each made for the purpose of defrauding creditors, and that when he filed his petition to be adjudged a bank-

100 F.—5

rupt he was, has since been, and is now, in fact, the owner of the property referred to, and that a description thereof should have been set forth in Schedule B, and that his failure to so set it forth, within the' meaning of the bankruptcy law, was a concealment of property belonging to his estate in bankruptcy, and that in swearing to said schedule as filed he made a false oath, within the meaning of the bankruptcy law. The only source of income which the bankrupt or his wife had was the grocery business. It is suggested that the wife had saved some money before marriage, and that she got money from her mother, but the evidence will not sustain the claim. It is not shown that the mother had any property, nor that she had any income, except such as she derived from her own labor and that of her children. Her husband contributed nothing to the support of the family. There were five children at home, the oldest of whom is 21 years of age, and the youngest 6 years of age. It is not shown or claimed that they had profitable employment of any kind. The bankrupt and his wife lived in the same building in which they carried on their grocery business. The wife helped the bankrupt in the conduct of the business. They both got their living and maintenance out of it. Her brother, who is an alleged partner in the business, never put any money into it, or took any out, except perhaps $25 or $30, enough to pay him for his services during the few weeks he was helping about the store. The bankrupt has always managed and controlled the business, and is doing so to-day. A large judgment for alimony was obtained against him by his first wife, who obtained a divorce from him, and these transfers to his present wife were made about the time that he was threatened with the enforcement of this judgment. The giving of notes to his wife for her services in the grocery, and the alleged sale of an interest in the grocery to his brother-in-law, are transparent frauds, in furtherance of the scheme to put his property beyond the reach of his creditors. If the creditors have not elected a trustee, the referee should appoint one at once, and instruct him to bring suit to recover this property for the benefit of the creditors of the bankrupt. The court will not grant a discharge, and the bankrupt's petition, therefore, will be dismissed, at his costs.